UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN R. WILSON
(DOC #395015)

VERSUS												CIVIL ACTION

WARDEN BURL CAIN, ET AL							NO. 10-114-JVP-CN

### RULING ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by the defendants, Warden Burl Cain, Ass't. Warden Larry Calvert, Dr. Jonathan Roundtree, and Secretary James LeBlanc (rec.doc.no. 7). In addition, the pro se plaintiff, Kevin R. Wilson, has filed a "Motion to Dismiss Defendants' Claims for Dismissal" (rec.doc.no. 8), which the court will treat as an Opposition to the defendants' motion. Although the plaintiff's Opposition is extremely untimely, the Court has nevertheless considered the arguments made therein, as well as those advanced by the defendants. Having considered both, the Court concludes that the defendants' Motion to Dismiss should be granted for the reasons set forth in their accompanying memorandum in support.

The plaintiff complains in this case that his job as an inmate orderly requires that he sometimes clean up blood and fecal matter of other inmates and also exposes him to blood and fecal matter thrown by other inmates while he is working

1

on the cell tiers. He complains that, while he is provided with protective gloves and rubber boots, his requests for additional safety equipment in the form of a facial mask or covering and protective clothing has been refused. In addition, he complains that when he has been exposed to blood or fecal matter, the medical department has refused to conduct tests for infectious disease.

Initially, the defendants are correct that the plaintiff's claims asserted against them in their official capacities for monetary damages should be dismissed pursuant to the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

Second, the defendants are correct that the plaintiff has failed to set forth any direct and personal involvement of defendants Secretary James M. LeBlanc and Warden Burl Cain in the claims asserted herein. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983) ("Personal involvement is an essential element of a civil rights cause of action."). Further, any claim by the plaintiff that these defendants may have failed to adequately investigate or respond to the plaintiff's administrative grievance(s) is also without merit. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005).

Turning to the plaintiff's claim regarding the defendants' alleged failure to provide appropriate protective equipment, the defendants are entitled to qualified immunity in connection with this claim. See Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). There are numerous reported decisions which reflect

that, absent a showing that prison officials have intentionally exposed an inmate to work conditions which create a substantial risk of serious harm, prison officials are not liable for a failure to provide safety equipment.  See, e.g., Strhan v. Scott, 61 Fed.Appx. 919 (5th Cir. 2003) (inmate not provided with protective gear for exposure to "PVC"); Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989) (inmate not provided with mask while working in heavy corn dust); Bowie v. Procunier, 808 F.2d 1142 (5th Cir. 1987) (inmate not provided with safety glasses while chopping wood, resulting in loss of eye); Sampson v. King, 693 F.2d 566 (5th Cir. 1982) (inmate made to work in field recently sprayed with pesticides); Barrett v. Casal, 2007 WL 2746954 (S.D. Tex. 2007) (inmate not provided with protective gear during demolition of building which potentially contained asbestos and/or lead paint); Swann v. Union County Sheriff's Dep't, 2006 WL 2990331 (N.D. Miss. 2006) (inmate made to work on roof without safety equipment, resulting in fall).  The plaintiff concedes in this case that he is in fact provided with rubber boots and protective gloves.  He points, however, to workers in the prison medical department who are provided with protective facial gear. The Court finds that the two situations are not analogous. Workers in a health care environment are subjected to close physical contact with ill patients (presenting a greater danger of blood spatter), are exposed to dangerous contaminated needles and "sharps", are exposed to inmates who are more likely to be ill or contagious in fact, and are regularly and repeatedly exposed, on a daily basis, to blood and bodily fluids (in contrast to the plaintiff's occasional exposure when he is required to clean

3

up blood or fecal matter on the tier). Further, if the Court were to conclude that the plaintiff is constitutionally entitled to facial protection while working on the cell tier, merely because other inmates might throw blood or bodily fluids at him from their cells, this would arguably compel a conclusion that other inmates are equally entitled to such protection on the many occasions that they must traverse the tier - while being escorted to and from their cells for call-outs or while walking on the tier during exercise periods – because other inmates could throw such substances at them at those times. This conclusion is clearly not compelled by the United States Constitution.

Finally, the plaintiff's claim that the prison medical department has failed to test the plaintiff and/or other inmates for infectious diseases after incidents involving exposure to blood or fecal matter is not one of constitutional dimension. It has been noted, in Samuels v. Michaels, 2005 WL 2304458 (W.D. La. 2005), that prison officials do not violate the Eighth Amendment's ban on cruel and unusual punishments when they decline to test inmates for infectious disease where the inmates do not show a strong likelihood of such infection. Id. (citing Doe v. Wiggington, 21 F.3d 733 (6th Cir. 1994)). Accordingly, the plaintiff's allegation in this regard does not state a claim of deliberate medical indifference under the Eighth Amendment.

Accordingly, the defendants' Motion to Dismiss (rec.doc.no. 7) is hereby **GRANTED** and this matter shall be dismissed. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, September ___9___, 2010.

_____
**RALPH E. TYSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**